

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-26-2006

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4820

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation
"Chen v. Atty Gen USA" (2006). *2006 Decisions*. Paper 692.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/692

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4820
_____

XUE HUA CHEN; QIAO XIA YANG,
                                                            Petitioners,

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency Nos. A97 512 265 & A97 512 266)
Immigration Judge:  Honorable Grace A. Sease
_____

Submitted Under Third Circuit LAR 34.1(a)
July 26, 2006

Before: MCKEE, FUENTES AND NYGAARD, CIRCUIT JUDGES

(Filed:  July 26, 2006 )
_____

OPINION
_____

PER CURIAM

        Xue Hua Chen and her daughter Qiao Xia Yang, citizens of China, seek review of

an order of the Board of Immigration Appeals ("BIA"), denying their motion to reopen

proceedings.  For the reasons that follow, we will deny the petition.

Chen and Yang entered the United States without valid documents in January 2004. After being placed in removal proceedings, Chen applied for asylum for having been forcibly sterilized under China's population control policy.[1] She also applied for withholding of removal and relief under the Convention Against Torture. The Immigration Judge (IJ) disbelieved much of Chen's testimony regarding forced sterilization, found her evidence insufficient to support her claims, denied relief, and ordered her and her daughter removed to China. The BIA agreed with the IJ's conclusions and dismissed the appeal on September 8, 2004.

On December 7, 2004, the petitioners filed a timely motion to reopen proceedings with the BIA. Initially, the BIA noted that some of the petitioners' arguments alleged error in its prior decision, and stated that to the extent the petitioners sought reconsideration, their motion was untimely.[2] The BIA then considered whether the petitioners had presented new evidence warranting reopening proceedings, found none, and denied the motion on September 29, 2005. The petitioners filed a timely petition for review of the BIA's decision to deny reopening.

---

[1]   Yang was a derivative beneficiary of her mother's applications for relief.

[2]   A motion to reconsider must be filed within thirty days of the BIA's prior order. See 8 C.F.R. § 1003.2(b)(2). Here, the petitioners' motion was filed in December 2004, three months after the BIA's prior order in September 2004. Contrary to the petitioners' argument, the BIA committed no legal error in considering whether their motion might be treated as both a motion to reopen and to reconsider.

We review the BIA's denial of a motion to reopen for abuse of discretion with "broad deference" to its decision. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003); see INS v. Doherty, 502 U.S. 314, 323 (1992) (noting the broad deference due the BIA's decision). Under this standard, we will reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). The BIA may lawfully deny a motion to reopen if (1) the alien has not established a prima facie case for asylum; (2) the alien has not introduced previously unavailable, material evidence; or (3) in the case of asylum, the alien would not be entitled to relief even if the motion was granted. Caushi v. Attorney General, 436 F.3d 220, 231 (3d Cir. 2006).

Here, the BIA concluded that the petitioners presented no previously unavailable evidence. After reviewing the record, we cannot find any abuse of discretion in this regard. Notably, the petitioners arrived in January 2004. Apparently Chen made no effort to obtain medical evidence to support her claim of forced sterilization until October 2004, after the BIA dismissed her appeal. According to the doctor who examined her on November 4, 2004, a "simple and inexpensive" procedure known as a hysterosalpingogram would have supported her claim. (A.R. at 22.) This evidence, which Chen still has not obtained, does not constitute evidence that "was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); see Caushi, 436 F.3d at 232.

In sum, we find no basis to conclude that the BIA abused its discretion in denying the petitioners' motion to reopen. Accordingly, we will deny their petition for review.